1  KELLEY DRYE & WARREN LLP
2     Becca J. Wahlquist (State Bar No. 215948)
   350 South Grand Avenue, Suite 3800
3  Los Angeles, CA 90071
4  Telephone:  (213) 547-4900
   Facsimile:   (213) 547-4901
5  BWahlquist@kelleydrye.com

6
   Attorneys for Defendant
7  MICHAEL KORS (USA), INC.

8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  SONYA VALENZUELA, individually      CASE NO.  22cv5902
    and on behalf of all others similarly
13  situated,                           NOTICE OF REMOVAL

14                    Plaintiff,         [From the Superior Court of California,
                                         County of Los Angeles, Case No.
15          v.                           22STCV23635]

16  MICHAEL KORS (USA), INC., a
    Delaware limited liability company; and
17  DOES 1 through 25, inclusive,        Action Filed:      July 22, 2022
                                         Action Removed:   August 19, 2022
18                    Defendant.

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Michael Kors (USA), Inc. ("MK") hereby removes the above-captioned putative class action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). In support of removal, MK states the following:

1.    On July 22, 2022, Plaintiff filed a putative class action complaint against MK in the Superior Court of California, County of Los Angeles, captioned *Sonya Valenzuela v. Michael Kors (USA), Inc.*, Case No. 22SCTV23635 (the "State Court Action").

2.    A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3.    The Complaint alleges that MK's website, https://www.michaelkors.com (the "Website") "secretly deployed 'keystroke monitoring' software that [MK] uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all of visitors to its Website." Plaintiff alleges that MK "has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631." (*See* Compl. ¶¶ 1-3.)

4.    Plaintiff purports to bring the claims on behalf of a California class of persons, with the following proposed membership:

> All persons within California who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent.

(*Id.* ¶ 19.)

5.    Plaintiff believes the number of Class Members to be "in the tens of

1  thousands, if not more." (*Id.* ¶ 20.)

2      6.    Plaintiff asserts that Plaintiff and each Class Member is entitled to

3  statutory damages of at least $2,500 per violation, plus injunctive relief, punitive

4  damages, and attorneys' fees and costs.

5      7.    On July 25, 2022, Plaintiff served the Complaint and Summons on MK.

6  The time for MK to answer or otherwise plead in the State Court Action has not

7  expired.

8      8.    This Notice of Removal is filed within the time prescribed under 28

9  U.S.C. § 1446(b).

10                        **GROUNDS FOR REMOVAL**

11      9.    This Court has subject matter jurisdiction over Plaintiff's claims under

12  CAFA.

13      10.    Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and

14  1453(b), this Court has original jurisdiction over this action because: (1) this is a

15  class action where the putative class includes more than 100 members; (2) there is

16  minimal diversity of citizenship; and (3) the amount in controversy exceeds

17  $5,000,000.

18      11.    "No antiremoval presumption attends cases invoking CAFA, which

19  Congress enacted to facilitate adjudication of certain class actions in federal court."

20  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

21  "CAFA's 'provisions should be read broadly, with a strong preference that interstate

22  class actions should be heard in a federal court if properly removed by any

23  defendant.'"  *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

24  **This Is a "Class Action" With More Than 100 Putative Class Members**

25      12.    This action meets CAFA's definition of a class action, which is "any

26  civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar

27  State statute or rule or judicial procedure authorizing an action to be brought by 1 or

28

1    more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

2        13.    The putative class Plaintiff seeks to represent includes more than 100

3    members; indeed, Plaintiff alleges that she "believes the number to be in the tens of

4    thousands, if not more."  (Compl. ¶ 20.)

5    **There Is Minimal Diversity of Citizenship**

6        14.    There is minimal diversity of citizenship among the parties.  Minimal

7    diversity exists when "any member of a class of plaintiffs is a citizen of a State

8    different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

9        15.    For diversity purposes, a person is a "citizen" of the state in which he

10   or she is domiciled.  *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir.

11   2001).  Plaintiff alleges that Plaintiff "is an adult resident of California."  (Compl. ¶

12   7.)  MK is informed and believes that Plaintiff is a citizen of California.

13       16.    Further, all Class Members would be citizens of California.

14       17.    For CAFA removal purposes, an unincorporated association is "a

15   citizen of the state where it has its principal place of business and the State under

16   whose laws it is organized."  28 U.S.C. § 1332(d)(10); *Abrego v. The Dow Chem.*

17   *Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (explaining that this "departs from the rule

18   that frequently destroys diversity jurisdiction, that 'a limited partnership's [or

19   unincorporated association's] citizenship for diversity purposes can be determined

20   only by reference to all of the entity's members'" (quoting *Kuntz v. Lamar Corp.*,

21   385 F.3d 1177, 1182 (9th Cir. 2004))).  Courts have interpreted this rule to apply to

22   limited liability companies.  *See Heritage Pac. Fin., LLC v. Cole*, No.

23   CV100394PSG(JEMX), 2010 WL 2349607, at *1 (C.D. Cal. June 7, 2010)

24   (distinguishing the citizenship rules for limited liability companies in non-CAFA

25   cases, 28 U.S.C. § 1332(c)(1), and CAFA cases, 28 U.S.C. § 1332(d)(10)); *accord*

26   *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010)

27   (applying 28 U.S.C. § 1332(d)(10) to limited liability company defendant where

28   CAFA at issue).

18.    MK is, therefore, a citizen of Delaware for purposes of CAFA, and diverse from Plaintiff and all Class Members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

19.    The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20.    The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

21.    MK denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

22.    Plaintiff seeks to represent a putative class she estimates to be in the tens of thousands, and seeks at least $2,500 in statutory damages for each Class Member for each alleged violation—it would take only a fraction of this membership (2,000 members) in the putative class to put $5,000,000 of statutory damages in play.

23.    MK agrees that at least 2,000 Californians visited the Website during the class period.

24.    When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

25.     Moreover, Plaintiff seeks injunctive relief, attorneys' fees, and punitive damages in this putative class action Complaint, and each of those also adds to the amount in controversy.  *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (the potential cost to the defendant of complying with the injunction creates the amount in controversy for jurisdictional purposes"); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (amount in controversy includes all reasonable attorneys' fees not merely through the date of removal, but through resolution of the action); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages as allowed under the CLRA to hold that the federal court had jurisdiction under CAFA).

26.     MK denies that Plaintiff is entitled to any punitive or other damages whatsoever, or to injunctive relief or attorneys' fees, but even a conservative one-to-one ratio for putative damages would further elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum.

## **REMOVAL IS PROCEDURALLY PROPER**

27.     Removal is timely because MK filed this notice within thirty days of Plaintiff's July 25, 2022 service of the Complaint on MK.  *See* 28 U.S.C. § 1446(b)(1).

28.     Removal to this Court is proper because the United States District Court for the Central District of California embraces the location where the State Court Action was commenced and is pending—Los Angeles, California.  *See* 28 U.S.C. §§ 89(b), 1441(a).

29.     MK submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**.  *See* 28 U.S.C. § 1446(a).

30.     MK will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

31.     MK will promptly file a copy of this notice of removal with the Clerk

of the Superior Court of the State of California in and for the County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

## **NON-WAIVER**

32.    If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the time within which to remove will have not begun to run, and MK reserves the right to remove this action at the appropriate time.  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

33.    MK does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.


DATED: August 19. 2022                    KELLEY DRYE & WARREN LLP
                                          Becca J. Wahlquist

                                          By:  /s/ Becca J. Wahlquist
                                               Becca J. Wahlquist
                                          Attorneys for Defendant
                                          MICHAEL KORS (USA), INC.