1 | PACIFIC TRIAL ATTORNEYS
A Professional Corporation
2 | Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
3 | 4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
4 | Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated, | Case No. 2:22-cv-05902-SPG-AFM |
| Plaintiff, | |
| v. | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| MICHAEL KORS (USA) INC., a Delaware corporation; and DOES 1 through 25, inclusive, | |
| Defendants. | |

## INTRODUCTION

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.michaelkors.com (the "Website"); and (2) pays third parties to eavesdrop on such communications in real time in order to harvest data from those conversations for financial gain.**

**Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states.

2. Pursuant to 28 U.S.C. Section 1391, venue is proper because a substantial part of the acts and events giving rise to the claims occurred in this District.

3. Defendant is subject to personal jurisdiction because it has sufficient minimum contacts with California and it does business with California residents.

## PARTIES

4. Plaintiff is a citizen of California residing within the Central District of California.

5. Defendant is a Delaware corporation that owns, operates, and/or controls the above-referenced website.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts

alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

8. The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors if their conversations are being recorded or if third parties are eavesdropping on them.

9. Unlike most companies, Defendant *ignores* CIPA. Instead, Defendant both *wiretaps* the conversations of all website visitors and pays third parties to *eavesdrop* on the conversations. Defendant and the third parties then harvest data from the transcripts for financial gain.

10. Defendant's actions are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions are contrary to industry norms and the legitimate expectations of consumers.

11. To enable the *wiretapping*, Defendant has covertly embedded code into its chat feature that automatically records and creates transcripts of all such private conversations. To enable the *eavesdropping*, Defendant has paid substantial sums to two independent, third-party companies (named "Go Moxie" and "Support Services Group", or "SSG") to embed code into Defendant's website chat function that enables Go Moxie and SSG to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors.

12. Both Go Moxie and Support Services Group publicly boast of their ability to harvest valuable data from such communications for the benefit of their clients like Defendant, which is one of the reasons that Defendant enabled, aided, abetted, conspired with, and paid them substantial funds for their eavesdropping services.

13. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

14. Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature. Visitors would be shocked and appalled to know that Defendant secretly records those conversations and pays third parties to eavesdrop on them in real time under the guise of "data analytics."

15. Defendant's conduct is both illegal and offensive: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

16. Within the statute of limitations period, Plaintiff visited Defendant's Website. Plaintiff used either a smart phone (a cellular telephone with an integrated computer and an operating system that enables web browsing) or a wifi-enabled laptop that uses a combination of cellular and landline telephony. As such, Plaintiff's conversations with Defendant were transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by CIPA.

17. Defendant did not inform Plaintiff, or any of the Class Members, that Defendant was secretly recording their communications or aiding, abetting, and paying third parties to eavesdrop on them.

18. Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

## CLASS ALLEGATIONS

19. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using cellular or landline telephony, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

20. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

21. COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

   a. Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

   b. Whether Defendant aided and abetted a third party in eavesdropping on such communications;

   c. Whether Plaintiff and Class Members are entitled to statutory penalties; and

   d. Whether Class Members are entitled to injunctive relief.

22. TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was recorded, intercepted and eavesdropped upon, Plaintiff is asserting claims that are typical of the Class.

23. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class

action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

24. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## **FIRST CAUSE OF ACTION**

## **Violations of the California Invasion of Privacy Act**

## **Cal. Penal Code § 631**

25. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". Here, Defendant does all three.

26. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping,

Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' Cal. Penal Code § 631(a)." *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

27. The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

28. At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted, and even paid third parties to eavesdrop upon such conversations.

29. Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

30. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 632.7**

31. Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

32. Plaintiff and the class members communicated with Defendant using smartphones (sophisticated cellular radio telephones) and/or devices enabled by cellular

or landline telephony. As such, Plaintiff's communication was transmitted from a "cellular radio telephone" and/or "landline telephone" as defined by Section 632.7.

33. Communication from the chat function on Defendant's website is transmitted via a combination of landline telephony and cellular telephony. As such, Defendant's communications with plaintiff and the class were transmitted from telephony subject to the prohibitions of Section 632.7.

34. As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

35. As set forth above, Defendant also assisted third parties in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

36. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;
2. An order declaring Defendant's conduct violates CIPA;
3. An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;
4. An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;
5. Statutory damages pursuant to CIPA;
6. Punitive damages;
7. Prejudgment interest;
8. Reasonable attorneys' fees and costs; and

9. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: September 14, 2022        PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, I electronically filed the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell

- 10 -
FIRST AMENDED CLASS ACTION COMPLAINT