**KELLEY DRYE & WARREN LLP**
Becca J. Wahlquist (SBN 215948)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901
bwahlquist@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
Geoffrey W. Castello (*Pro Hac Vice forthcoming*)
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
gcastello@kelleydrye.com

*Attorneys for Defendant Michael Kors (USA), Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SONYA VALENZUELA**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**MICHAEL KORS (USA), INC.**, a Delaware limited liability company; and **DOES 1 through 25**, inclusive.,<br><br>Defendants. | Case No. 2:22-cv-05902-SPG-AFM<br><br>[Assigned to Hon. Sherilyn Peace Garnett]<br><br>**DEFENDANT MICHAEL KORS (USA), INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>[Motion to Dismiss and Proposed Order filed concurrently]<br><br>Hearing: December 7, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 5C |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, in support of its Motion to Dismiss the Complaint, Defendant Michael Kors (USA), Inc. ("Michael Kors") respectfully requests incorporation by reference or judicial notice of the following documents:

Exhibit A:  A screenshot of the home page for https://michaelkors.com, which is the website that Plaintiff allegedly visited (the "Website");

Exhibit B:  A screenshot of the "Live Chat" feature on the Website, which forms the basis for Plaintiff's claims at issue;

Exhibit C:  A screenshot of the "Contact Us" page for the Website, which forms the basis for Plaintiff's claims at issue;

Exhibit D:  Privacy Policy of the Website last updated 3/29/21 (the "Privacy Policy").

## THE COURT HAS AUTHORITY TO INCORPORATE BY REFERENCE

The incorporation by reference "doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja v. Orexigan Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019). A document may be incorporated by reference where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* Courts may assume the contents of an incorporated document are true for purposes of a motion to dismiss. *Id.* at 1003.

This Court can and should incorporate by reference the full and complete screenshot of the home page of the Website, attached hereto as **Exhibit A**, which is the first page Plaintiff alleged she viewed on the Website during her alleged

interactions with the Website. Therefore, according to Plaintiff's allegations, she necessarily accessed this page when she "visited Defendant's Website." (Am. Compl. ¶ 16). Her alleged interactions with the Website comprise the entire basis of her factual allegations. (*Id.* ¶¶ 8-18.) Plaintiff—like all Website visitors—could only have accessed the Website's Live Chat feature at issue and communicated therewith by first navigating this home page. As such, the Court should consider the full Website relied upon and referenced by Plaintiff in her Amended Complaint.

The Court can and should also incorporate by reference the "Live Chat" feature available on the Website's home page, attached hereto as **Exhibit B**. This document may be incorporated by reference because the Website's Live Chat feature forms the entire basis of Plaintiff's allegations against Michael Kors. (Am. Compl. ¶ 11.) Indeed, Plaintiff's proposed class is defined as including users who "communicated with Defendant via the chat feature on Defendant's Website." (*Id.* ¶ 19.) As such, Plaintiff relies on her interactions with this Live Chat feature to establish any of the factual allegations alleged in the Amended Complaint, so the Court should incorporate it by reference.

This Court can and should also incorporate by reference the full and complete screenshot of the "Contact Us" page from the Website, attached hereto as **Exhibit C**. This document may be incorporated by reference because this is another page in which Plaintiff could have allegedly accessed the Live Chat feature at issue, which forms the entire basis of her factual allegations against Michael Kors. (Am. Compl. ¶¶ 11, 19.) Therefore, in addition to the Live Chat feature, Plaintiff relies on her interactions with this "Contact Us" page to establish the factual allegations alleged in the Amended Complaint. The Court should therefore incorporate it by reference.

## THE COURT HAS AUTHORITY TO TAKE JUDICIAL NOTICE

Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of a fact "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under this rule, courts—including those within the Ninth Circuit—regularly take judicial notice of materials whose contents are alleged in a complaint, are central to the plaintiff's claim, and whose authenticity is not questioned by any party.

This Court can and should take judicial notice of the Privacy Policy of the Website, attached hereto as **Exhibit D**. Courts in the Ninth Circuit regularly take judicial notice of privacy policies on websites when user interactions with a website is at issue in the case. *See, e.g.*, *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) (taking judicial notice of the "Lululemon Privacy Policy and the Lululemon Website Screenshot because the Amended Complaint also discusses those documents extensively"); *Hulsey v. Peddle, LLC*, No. CV 17-3843 DSF (ASX), 2017 WL 8180583, at *1 n.1 (C.D. Cal. Oct. 23, 2017) ("The Court takes judicial notice of Junk Car Zone's Privacy Policy because its authenticity is not contested and it is central to Hulsey's claim that she did not consent to receive texts from Peddle."); *see also In re Facebook, Inc. Secs. Litig.*, 477 F. Supp. 3d 980, 1009-10 (N.D. Cal. 2020) ("It is common for courts to take judicial notice of a company's historical privacy policies."); *In re Toll Roads Litig.,* No. SACV1600262AGJCGX, 2018 WL 6131178, at *2 (C.D. Cal. Jan. 12, 2018) ("Courts may take judicial notice of publicly available policies."). Exhibit D reflects the content of the Privacy Policy, which was last updated on March 19, 2021. March 29, 2021 is before the one-year time period that Plaintiff allegedly accessed and communicated with the Website,

DEFENDANT MICHAEL KORS (USA), INC.'S REQUEST FOR JUDICIAL NOTICE

meaning this policy was available during all of Plaintiff's alleged communications with Michael Kors. (Am. Compl. ¶ 16.)

In the instant case, Plaintiff specifically plead that "Defendant did not obtain Class Members' express or implied consent" and that "Class Members [did not] know at the time of the conversations" that Michael Kors employed tracking software. (Am. Compl. ¶ 18.) The Privacy Policy is a publicly available document, found at https://www.michaelkors.com/info/privacy-policy/s11400079, and the accuracy of its contents cannot reasonably be questioned. Moreover, the Privacy Policy is visibly linked both on the home page of the Website and on the "Contact Us" page in which Plaintiff allegedly accessed the Chat Function at issue, the latter of which is in close proximity to the hyperlink containing the policy. The existence of the Privacy Policy and the language it contains is critical to Plaintiff's allegation that she and other putative Class Members did not provide consent. This Court should consider the Privacy Policy, which was disclosed and linked to on the Website Plaintiff allegedly visited and with which she claims she interacted.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court incorporate by reference the documents attached hereto as Exhibits A, B, and C; and take judicial notice of the document attached hereto as Exhibits D.

| | | |
|---|---|---|
| 1 | DATED: October 5, 2022 | /s/ *Becca J. Wahlquist* |
| 2 | | Becca J. Wahlquist (SBN 215948) |
| 3 | | KELLEY DRYE & WARREN LLP |
| | | 350 South Grand Avenue, Suite 3800 |
| 4 | | Los Angeles, CA 90071 |
| 5 | | Telephone: (213) 547-4900 |
| | | Facsimile: (213) 547-4901 |
| 6 | | bwahlquist@kelleydrye.com |
| 7 | | |
| 8 | | Geoffrey W. Castello (*Pro Hac Vice forthcoming*) |
| 9 | | KELLEY DRYE & WARREN LLP |
| | | One Jefferson Road, 2nd Floor |
| 10 | | Parsippany, NJ 07054 |
| 11 | | Telephone: (973) 503-5900 |
| | | Facsimile: (973) 503-5950 |
| 12 | | gcastello@kelleydrye.com |
| 13 | | |
| 14 | | *Attorneys for Defendant Michael Kors (USA), Inc..* |

DEFENDANT MICHAEL KORS (USA), INC.'S REQUEST FOR JUDICIAL NOTICE

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 5, 2022, I electronically filed the foregoing DEFENDANT MICHAEL KORS (USA), INC.'S REQUEST FOR JUDICIAL NOTICE with the United States District Court for the Central District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: October 5, 2022                    Respectfully submitted,

*/s/ Becca J. Wahlquist*
Becca J. Wahlquist (SBN 215948)